IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**



**THOMAS KEVIN HOGGE,**

    Petitioner,

v.                                                                Civil Action No. **3:14CV314**

**ERIC WILSON,**

    Respondent.

## MEMORANDUM OPINION

Thomas Kevin Hogge, a federal prisoner proceeding *pro se*, filed this petition pursuant to 28 U.S.C. § 2241. On January 20, 2015, the Magistrate Judge issued a Report and Recommendation recommending that Respondent's Motion for Summary Judgment be granted, Hogge's claims be dismissed for lack of merit, and the petition be denied. (ECF No. 14, at 12.) In the Report and Recommendation, the Court advised Hogge that if he wished to file objections, he must do so within fourteen (14) days of the Report and Recommendation. Having received no objections from Hogge, on February 12, 2015, the Court adopted the Report and Recommendation and dismissed the action. *Hogge v. Wilson*, No. 3:14CV314, 2015 WL 631358, at *8 (E.D. Va. Feb. 12, 2015) (ECF Nos. 15–16).

On March 2, 2015, the Court received from Hogge a "MOTION FOR RELIEF OF JUDGMENT" pursuant to Federal Rule of Civil Procedure 60(b), wherein he complained that he had not received the Report and Recommendation. (ECF No. 18.) The Court construed the motion as one brought pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). The Court explained that Hogge provided no argument for relief under Rule 59(e) and ordered Hogge to file, within fourteen (14) days of the date of entry thereof, any objections to the Report and Recommendation and a brief addressing the propriety of relief under Rule 59(e). Hogge has

filed both his objections (ECF No. 21) and his brief (ECF No. 22). Respondent filed a response. Given these submissions, the Court now addresses whether Hogge has satisfied the standard for Rule 59(e) relief or demonstrated any basis for setting aside the February 12, 2015 Memorandum Opinion and Order.

## I.   RULE 59(E) MOTION

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Hogge argues that because he failed to receive the Report and Recommendation, he could not file objections to the Magistrate Judge's conclusions of law and findings. Thus, he contends, the Court adopted the Report and Recommendation without conducting a *de novo* review that he would have received if he had filed objections. Hogge argues that allowing him to file objections would prevent "manifest injustice." (Brief ¶ 1.) The Court will GRANT Hogge's Rule 59(e) Motion to the extent it will review Hogge's objections and conduct a *de novo* review of those portions of the Report and Recommendation to which Hogge objects. Nevertheless, the Court will OVERRULE Hogge's objections.

## II.   REPORT AND RECOMMENDATION

The Magistrate Judge made the following findings and recommendation, in relevant part:

> Hogge contends that the Bureau of Prisons (hereinafter "BOP") has improperly calculated his federal sentence. Specifically, Hogge argues:

2

Claim One: The BOP has improperly calculated the starting date of his federal sentence, and consequently, has increased the amount of time he must serve.

Claim Two: The Court should designate his sentence *nunc pro tunc.*

Respondent has moved for summary judgment on the ground that Hogge's claims lack merit (ECF No. 7). Hogge has filed a Response (ECF No. 10). For the reasons that follow, it is RECOMMENDED that summary judgment be GRANTED and the § 2241 Petition be DISMISSED because the BOP has properly calculated his sentence . . .

A.  Standard for Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the Court of the basis for the motion, and to identify the parts of the record that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.,* 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson,* 477 U.S. at 251 (citing *Improvement Co. v. Munson,* 81 U.S. (14 Wall.) 442, 448 (1872)). "'[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed.'" *Id.* (quoting *Munson,* 81 U.S. at 448). Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

In support of his Motion for Summary Judgment, Defendant submits: (1) the Declaration of Forest B. Kelly, a Correctional Program Specialist at the Designation and Sentence Computation Center in Grande Prairie, Texas (Mem.

3

Supp. Mot. Summ. J. Ex. 1 ("Kelly Decl."), ECF No. 8-1); (2) copies of state court records relating to Hogge's Virginia state convictions and sentences (Kelly Decl. Attach 1-3, 6); (3) records relating to Hogge's federal conviction (*id.* Attach. 4-5); (4) relevant portions of the BOP Program Statement 5880.28, Sentence Computation Manual (CCA of 1984) (*id.* Attach. 7, 10-12);[1] and, (5) Hogge's BOP sentence computation records (*id.* Attach. 9, 13).

Hogge has responded and attached several exhibits pertaining to his sentence calculation. In light of the foregoing principles and submissions, the following facts are established for purposes of the Motion for Summary Judgment. The Court draws all permissible inferences in favor of Hogge.

**B.    Summary of Pertinent Facts**

The Court notes at the outset that both the BOP's methodology and the Respondent's explanation of how the BOP is executing Hogge's sentence are difficult to follow. Nevertheless, in the end, and affording the appropriate deference to the BOP, the Court determines that the BOP's calculation results in a fair and equitable sentence in accordance with the governing statutes and the Sentencing Court's intent in imposing Hogge's sentence.

**1.    Hogge's Sentences**

The following facts are largely undisputed by Hogge. In 1998 and 1999, Hogge amassed convictions in at least four Virginia state courts for various firearm, fraud, larceny, forgery, and traffic offenses. (Kelly Decl. ¶¶ 5-10.) On June 28, 1999, while in the primary custody of Virginia state authorities, Hogge was transferred into custody of the United States Marshals Service pursuant to a writ of habeas corpus ad prosequendum. (Kelly Decl. Attach. 4, at 1; *see* Kelly Decl. ¶ 11.) On February 18, 2000, the United States District Court for the Western District of Virginia (hereinafter "Sentencing Court") convicted Hogge of three counts of possession of a firearm after a felony conviction and sentenced him to 96 months of incarceration on each count to run concurrently. (Kelly Decl. Attach. 5, at 1-2.) The Sentencing Court ordered that 48 months of the sentence run concurrent with Hogge's undischarged state sentence, and 48 months run consecutive to Hogge's undischarged state sentence. (*Id.* at 3.) After sentencing, the United States Marshals returned Hogge to state custody on February 18, 2000. (Kelly Decl. Attach. 4, at 1; *see* Kelly Decl. ¶ 13.)

Hogge satisfied his state sentences, and Virginia authorities released him to the exclusive custody of federal authorities on the Good Time Release Date of May 1, 2013. (Kelly Decl. Attach. 3, at 17-19 (as paginated by the CM/ECF docketing system); *id.* Attach. 6, at 1; *see id.* ¶ 14.) The time Hogge spent in the primary custody of state authorities beginning on October 30, 1997 pending his

---

[1]    BOP Program Statement 5880.28 is available at http://www.bop.gov/PublicInfo/execute/policysearch?todo=query&series=5000 (follow "5880.30" hyperlink).

4

state convictions was credited against his state sentences. (Kelly Decl. Attach 3, at 19 (as paginated by the CM/ECF docketing system); *see* Kelly Decl. ¶ 14.)

### 2. BOP's Execution of Hogge's Federal Sentence

Pursuant to BOP Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984) (hereinafter "BOP Program Statement 5880.28") "once a federal sentence commences, it continues to run unless the inmate is no longer in official detention." (Kelly Decl. ¶ 15 (citing Attach. 7, at 10).) Accordingly,

> when a federal court orders a sentence to be served partially concurrent with and partially consecutive to another sentence, steps must be taken to ensure commencement of the sentence in a manner which allows for compliance with the order of the court, as well as uninterrupted service of the entire term.

(*Id.*)

To determine the proper "Date Computation Began ('DCB') or commencement date for Mr. Hogge's 96-month federal sentence" the BOP "determine[s] a 'target date' for [Hogge's] release from the 48-month consecutive portion of the sentence." (Kelly Decl. ¶ 16.) The BOP calculates Hogge's target date by "adding the length of the consecutive portion, or 48 months, to the date of release from the concurrent state sentence, in this case, May 1, 2013." (*Id.* (citing Attach 8).) Hogge's "tentative full term date" is April 30, 2017. (*Id.*) The BOP next reduces the tentative full term date by the amount of Good Conduct Time ("GCT") that Hogge can earn "during service of the 48-month consecutive portion of the sentence. Mr. Hogge is eligible to receive a total of 188 days of GCT while in the service of the consecutive portion of the 96-month term. (*Id.* ¶ 17 (citing Attach. 8, at 1).) With the 188 days of possible GCT subtracted from the tentative full term date, Hogge's target date for release is October 24, 2016. (*Id.*)

After finding the target date, the BOP subtracts Hogge's entire 96-month sentence from the target date, to reach the "preliminary start date" of October 25, 2008. (*Id.* ¶ 18.) The BOP then arrives at the "final commencement date, or DCB . . . by adding the amount of GCT that can be earned during the service of the entire 96-month sentence to the preliminary start date. Mr. Hogge is eligible to receive a total of 376 days of GCT while in the service of the 96-month sentence." (*Id.* ¶ 19.) With a preliminary start date of October 25, 2008, and 376 days of GCT added to that date, Hogge's final commencement date or DCB is November 5, 2009. (*Id.* ¶¶ 19-20.) Thus, "[a] 96-month sentence beginning on November 5, 2009, would result in a projected Statutory Release Date ('SRD') of October 24, 2016 (target date); therefore, a 96-month sentence, with the final 48 months

5

operating consecutively to a sentence which was satisfied on May 1, 2013, would commence on November 5, 2009." (*Id.* ¶ 20 (citing Attach 9, at 1).)[2]

Title 18, United States Code, Section 3585,[3] and the BOP Program Statement 5880.28, "preclude the application of credit for time that has already been credited against another sentence." (*Id.* ¶ 22 (citing Attach 12, at 1).) Thus, according to the BOP, "the time Mr. Hogge spent in the primary custody of state authorities from October 30, 1997 through November 4, 2009, was credited against his state sentences, and cannot be credited to his federal sentences under the provisions of § 3585(b)." (*Id.*)

The BOP prepared a sentence computation for Hogge based on a 96-month sentence beginning November 5, 2009.[4] (*Id.* ¶ 23.) The sentence

---

[2] The parties agree that Hogge is entitled to a total of 376 days of GCT for his 96-month sentence. Hogge only disputes how the GCT should be applied.

[3] The statute provides:

> **(a) Commencement of sentence.**—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

[4] BOP Program Statement 5880.28, citing to 18 U.S.C. § 3584(c), "requires multiple terms of imprisonment to 'be treated for administrative purposes as a single, aggregate term of imprisonment.'" (Kelly Decl. ¶ 21 (citing Attach. 10, at 1).) BOP Program Statement 5880.28, nevertheless, explains that "a sentence imposed pursuant to the Prison Litigation Reform Act (PLRA) of 1995 cannot be aggregated with any other type of sentence to form a single sentence computation." (*Id.* (citing Attach. 11, at 1).) Because Count Six involved an offense committed after the enactment of the PLRA, the BOP prepared a separate computation for this count. (*Id.* ¶¶ 21, 23.) For the purposes of this action, both sentence computations are the same. (*See id.* ¶ 23.)

6

computation indicates that "Hogge is currently scheduled to [be] release[d] from BOP custody, via good conduct time release, on October 24, 2016." (*Id.*)

Respondent agrees that Hogge exhausted his administrative remedies for his claims. (Kelly Decl. ¶ 26.)

### C.  Analysis

#### 1.  Claim One

In Claim One, Hogge argues that by awarding 188 days to the beginning of his concurrent sentence, and then 188 days at the end of his consecutive sentence, the BOP is treating his federal sentence "as separate sentences rather than one 96[-]month sentence." (Resp. 6, ECF No. 10.) Hogge explains that by calculating the final commencement date of his 96-month sentence to be November 5, 2009, "[t]his amounts to approximately 42 months (from 11-05-2009 to 4-30-2013) of my federal sentence being run concurrent to my state sentence and incarceration, not the 48 months that the Court imposed and sentenced me to." (§ 2241 Pet. 7.) Hogge contends that "[i]n order to correctly calculate the imposed sentence of 96 months, the BOP should have my sentence start date as May 1, 2009 (5-01-2009 until 5-01-2013 equals 48 months concurrent to state sentences)." (*Id.*) Hogge argues that the current BOP calculation has him serving 42 months concurrent and "54 months (from 5-01-2013 to 11-05-2017) of my federal sentence being run consecutive to my state sentences and incarceration, not the 48 months that the Court imposed." (*Id.*) Thus, he contends that the "BOP has unlawfully and illegally increased and enhanced my Court imposed sentence by approximately 6 months." (*Id.*) Hogge suggests that "the BOP should have my sentence 'expires full term date' as April 30, 2017 (5-01-2013 until 4-30-2017 equals 48 months consecutive to state sentences)." (*Id.*) Hogge argues that the 376 days of GCT he is eligible to receive on his 96-month sentence should be applied to the end of his entire 96-month sentence, and his projected release date should be "April 18, 2016 (April 30, 2017 minus 376 days earned and projected good time)," instead of October 24, 2016 as calculated by the BOP. (*Id.* at 7(a).)

Courts employ a two-step process for reviewing an agency's interpretation of a statute. *See Chevron U.S.A., Inc. v. Nat'l Res. Def. Council*, 467 U.S. 837, 842 (1984). First, the court must determine whether the plain language of the statute directly addresses "the precise question at issue." *Id.* "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to unambiguously express intent of Congress." *Id.* at 842-43. If the statute is silent or ambiguous in expressing Congress's intent, the court must defer to the agency's reasonable construction of the statute. *Id.* at 843. "[L]egislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Id.* at 844.

Pursuant to 18 U.S.C. § 3624(b)(1), the BOP may award GCT "of up to 54 days at the end of each year of a prisoner's term of imprisonment." 18 U.S.C.

7

§ 3624(b)(1). This statute "creates a system under which 'credit' is 'earned' 'at the end of' the year based on an evaluation of behavior 'during that year.'" *Barber v. Thomas*, 560 U.S. 474, 481 (2010). The BOP subtracts GCT from the prisoner's sentence, such that the prisoner becomes eligible for release before serving his full sentence imposed by the court. 18 U.S.C. § 3624(a). However, GCT only "vest[s] on the date the prisoner is released from custody." 18 U.S.C. § 3624(b)(2).

Hogge's federal sentence commenced May 1, 2013, the date on which he was released into federal custody. *See United States v. Evans*, 159 F.3d 908, 911 (4th Cir. 1998) ("A federal sentence does not commence until the Attorney General receives the defendant into her 'custody' for service of that sentence." (citing 18 U.S.C. § 3585(a))). According to Respondent, the BOP staff could not determine the dates of his concurrent sentence or the amount of GCT that Hogge was eligible to receive until he entered federal custody. Shortly after Hogge's arrival in BOP custody, the BOP computed his sentence and determined that his federal sentence commenced on November 5, 2009. (Kelly Decl. ¶¶ 16-21.)

Upon his arrival into BOP custody, the BOP awarded Hogge with the 188 days of GCT for the 48-month concurrent sentence that he had already served while in state custody. However, Hogge still had an additional 48 months to serve. At that point, the BOP projected that Hogge would receive an additional 188 days of GCT for his remaining 48-month consecutive sentence. In support of its methodology, Respondent argues that, if the BOP applied all 376 days of GCT to the end of the total 96-month term of imprisonment, "then [Hogge] would actually have had to serve the full 48-month concurrent term day for day, without receiving the benefit of any GCT for that portion of his sentence. By contrast, the BOP's computation allows Petitioner to receive the benefit of GCT towards both the concurrent and consecutive portions of his federal sentence." (Mem. Supp. Mot. Summ. J. 8.)

Although the BOP's methodology is poorly articulated by Respondent, the Court nevertheless finds that the BOP's calculation of Hogge's federal sentence is entitled to deference. *See Chevron U.S.A., Inc.*, 467 U.S. at 842-44.[5] The BOP is charged with executing sentences in an equitable manner in accordance with applicable law and the intent of the court that imposed the sentence. *See Puga v. Sherrod*, 462 F. App'x 470, 473 (5th Cir. 2012); *cf.* BOP Program Statement

---

[5] The Court acknowledges that other courts have found that similar methodologies employed by the BOP are arbitrary and capricious. *See Hood v. Grondolsky*, No. 12-11368-JGD, 2012 WL 6061211, at *1-6 (D. Mass. Dec. 5, 2012); *Hill v. Cowin*, 717 F. Supp. 2d 268, 269-70 (N.D.N.Y. June 9, 2010); *but see Williams v. Maye*, No. 13-3005-RDR, 2013 WL 5291955, at *2 (D. Kan. Sept. 19, 2013) (finding no entitlement to habeas relief based on identical methodology employed by BOP in sentence calculation for petitioner sentenced to "hybrid" concurrent and consecutive federal sentence). However, in this instance, the Court finds that the methodology utilized by the BOP complies with the directives of the Sentencing Court as explained above.

5160.05, at 3.a, 8 (explaining that sentences must be executed "consistent with the intent of the federal sentencing court or the goals of the criminal justice system").[6] Here, the Sentencing Court clearly intended Hogge to serve half of the imposed federal sentence concurrent to his state sentence and half of the federal sentence consecutive to his state sentence. The BOP's method for executing Hogge's sentence effectuated that intent. According to the BOP's calculation, including GCT, Hogge's concurrent sentence began on November 5, 2009 and ended on April 30, 2013, a period of 1273 days. Hogge's consecutive sentence began on May 1, 2013 and is projected to end on October 24, 2016, a period of 1273 days. Thus, the BOP distributed the GCT that Hogge can earn in a manner that results in a sentence consistent with the Sentencing Court's directive. By contrast, the methodology Hogge demands the BOP employ would result in him serving approximately 1084 days of his federal sentence consecutive to his state sentence and 1462 days concurrent to his state sentence. Hogge's methodology fails to comport with the Sentencing Court's imposed sentence.

Affording the BOP the appropriate deference in executing Hogge's sentence, the Court finds that the BOP's calculation results in a fair and equitable sentence that comports with both the governing statutes and the Sentencing Court's directives. Accordingly, the Court RECOMMENDS that the Motion for Summary Judgment be GRANTED as to Claim One.

### 2. Claim Two

In Claim Two, Hogge seeks a retroactive concurrent designation or a *nunc pro tunc* designation from the Court. Hogge argues that the "BOP has unlawfully refused to even consider my request to designate 'nunc pro tunc' the [VDOC] as my place of imprisonment in order to satisfy the [remainder] of my federal sentence." (§ 2241 Pet. 7(b).) Hogge fails to demonstrate entitlement to a *nunc pro tunc* designation.

"A prisoner who is in non-federal custody at the time of sentencing may begin service of the federal sentence prior to arriving at the designated federal facility if the non-federal facility is designated in accordance with the [BOP] Program Statement . . . . This type of designation is ordinarily made only upon the recommendation of the sentencing court." BOP Program Statement 5880.28, at 1-13; *see Evans*, 159 F.3d at 911-12 (4th Cir. 1998) ("the federal sentence may commence if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence"). The BOP has "broad discretion" in reviewing requests for *nunc pro tunc* designation. *Barden v. Keohane*, 921 F.2d 476, 478 (1990); *accord Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005).[7] A *nunc pro tunc* designation "shall be made only

---

[6] BOP Program Statement 5160.05 is available at http://www.bop.gov/PublicInfo/execute/policysearch?todo=query&series=5000 (follow "5160.05" hyperlink).

[7] Generally, the BOP considers a prisoner's request under factors set forth in 18 U.S.C. § 3621(b) which include, *inter alia*, the nature and circumstance of the

when it is consistent with the intent of the sentencing Federal court, or with the goals of the criminal justice system." BOP Program Statement 5160.05, at 8. First, Hogge fails to establish that the Sentencing Court designated the state facility as the place where Hogge was to serve his concurrent federal sentence. Thus, his federal sentence commenced on May 1, 2013 when he was released into federal custody.

Second, Respondent explains that a *nunc pro tunc* designation would not possible for Hogge because the Sentencing Court sentenced him to a 96-month term of imprisonment with 48 months to operate *consecutive* to Hogge's undischarged state sentences. (*See* Kelly Aff. ¶ 25.) Respondent explains that

> once a federal sentence commences, it continues to run unless the inmate is no longer in official detention . . . . Therefore, when a federal court orders a sentence to be served partially concurrent with and partially consecutive to another sentence, steps must be taken to ensure commencement in a manner which allows for compliance with the order of the court, as well as uninterrupted service of the entire term.

(Kelly Aff. ¶ 15 (citing BOP Program Statement 5880.28, at 1-28).) Thus, Respondent argues that, had Hogge's federal sentence started on February 18, 2000, the date upon which it was imposed, "there was a distinct possibility that he would complete the 48-month concurrent portion of his federal term prior to his release from his Virginia state sentence, thereby preventing him from serving the 48-month consecutive portion of his federal term until a later date." (Mem. Supp. Mot. Summ. J. 7, 11.) Hogge fails to demonstrate that BOP's determination that a *nunc pro tunc* designation would not be possible amounts to an abuse of the BOP's discretion. Accordingly, the Court RECOMMENDS that the Motion for Summary Judgment be GRANTED as to Claim Two.

D. Conclusion

Accordingly, the Court RECOMMENDS that the Motion for Summary Judgment be GRANTED, Hogge's claims be DISMISSED, and the § 2241 Petition be DENIED.

*See Hogge v. Wilson*, No. 3:14CV314, 2015 WL 631358, at *1-8 (E.D. Va. Feb. 12, 2015).

---

offense, history and characteristics of the prisoner, and any statement by the Sentencing Court concerning the purpose of the sentence or recommendation of type of correctional facility. *See* 18 U.S.C. § 3621(b)(1)-(4).

## III. STANDARD OF REVIEW FOR REPORT AND RECOMMENDATION

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). When reviewing the magistrate's recommendation, this Court "may also receive further evidence." 28 U.S.C. § 636(b)(1).

## IV. HOGGE'S OBJECTIONS

Hogge has filed seven objections to the Magistrate Judge's findings and recommendation with respect to Claim One. These objections are as follows: 1) the BOP's calculation is contrary to the intent of the sentencing court; 2) the BOP's calculation of his sentence start date and full expiration term are incorrectly based on both earned and projected GCT that could be lost at any time; 3) the BOP's method of calculating his sentence is contrary to legislative intent in creating GCT; 4) the BOP's calculation of his sentence commencement date is incorrect; 5) the BOP is treating his one 96-month-sentence as two separate sentences; 6) the BOP's award of GCT violates his due process rights by depriving him of 188 days of GCT; and 7) two other district courts have found a similar methodology by the BOP to be arbitrary and capricious. A careful review of Hogge's objections reveals that Hogge seeks to reargue that the BOP improperly calculated the starting date of his federal sentence and increased the amount of time that he must serve on his sentence. Instead of finding error in the Magistrate Judge's conclusions, Hogge

points to errors in the BOP's calculation and in Respondent's arguments. The Magistrate Judge, in a thorough and well-reasoned analysis, found that the BOP properly calculated his sentence. After reviewing the record and Hogge's objections, the Court finds no error in that conclusion.

In his first objection, Hogge argues that the BOP's calculation is contrary to the intent of the sentencing court. Hogge is incorrect. The Sentencing Court intended Hogge to serve equal parts of his imposed federal sentence concurrent to his state sentence and consecutive to his state sentence. The BOP's calculation results in a concurrent sentence of 1273 days and a consecutive sentence of 1273 days. Hogge's first objection will be OVERRULED.

In his second objection, Hogge reargues that because he could lose his GCT at any time he could "end up serving approximately 42 months of his federal sentence concurrent to his state sentence[s] . . . and 54 months consecutive to his state sentence[s]." (Objs. at 2 (alterations in original).) In his third objection, Hogge provides lengthy argument in support of his contention that the BOP's calculation of his sentence runs contrary to legislative intent. The Court fails to discern any objection to the Magistrate Judge's conclusions of law or findings of fact in these two objections. Hogge simply continues to argue his position. The Court has reviewed the record and Hogge's objections and finds these objections lack merit. Hogge's second and third objections will be OVERRULED.

In Hogge's fourth objection, Hogge contends that "the BOP determined that the Petitioner's federal sentence commensed [sic] on May 1, 2013, the date on which he was released into federal custody. . . . This is neither logical nor reasonable." (*Id.* at 4–5.) Hogge then launches back into his argument from his § 2241 Petition. Contrary to Hogge's argument, the BOP's method of calculating his sentence with a consecutive sentence start date of May 1, 2013, resulted in an equitable distribution of his concurrent and consecutive sentence, aligned

with the Sentencing Court's intent. The Court has reviewed the record and Hogge's objection. The fourth objection will be OVERRULED.

In Hogge's fifth objection, Hogge rehashes his argument that he was sentenced to one 96-month sentence but the BOP treats his sentence as if it was comprised of two 48-month sentences. (*Id.* at 6.) Once again, Hogge claims that "Respondent is treating this sentence as two (2) separate and distinct 48 month terms of imprisonment." (*Id.*) In his fifth objection, Hogge again argues that the BOP's manner of calculating his sentence violates due process. (*Id.* at 7–8.) Finally, Hogge points out that, as the Magistrate Judge acknowledged, two courts have found similar methodologies employed by the BOP to be arbitrary and capricious. (*Id.* at 8.) The Court fails to discern any objection directed specifically to the Magistrate Judge's conclusions. Nevertheless, the Magistrate Judge concluded that the manner in which the BOP calculated Hogge's sentence was entitled to deference because it "results in a fair and equitable sentence that comports with both the governing statute and the Sentencing Court's directives." *Hogge*, 2015 WL 631358, at *7. After reviewing Hogge's objections and the record, the Court OVERRULES Hogge's fifth, sixth, and seventh objections.

## V. CONCLUSION

Accordingly, Hogge's Rule 59(e) Motion (ECF No. 18) will be GRANTED. Hogge's objections will be OVERRULED. The Report and Recommendation will be ACCEPTED and ADOPTED. Respondent's Motion for Summary Judgment (ECF No 7) will be GRANTED. The action will be DISMISSED.

The Clerk is DIRECTED to send a copy of this Memorandum Order to Hogge and counsel for Respondent.

It is so ORDERED.

Date: 10-5-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge